T.C. Memo. 2002-53

UNITED STATES TAX COURT

JEFFREY S. AND SUSAN L. DUFFIELD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3716-00L.                    Filed February 25, 2002.

<u>Joyce Griggs</u>, for petitioners.

<u>Ross M. Greenberg</u> and <u>Joanne B. Minsky</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues in this case are whether
respondent has met the requirements of section 6330[1] and whether
petitioners are liable for the section 6673(a)(1) penalty.

<u>Background</u>

Jeffrey and Susan Duffield resided in Bear, Delaware, when
they filed their petition.  The assessments relate to liabilities

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

that petitioners reported on 1988, 1989, 1990, 1992, 1993, 1995, and 1996 Federal income tax returns.

On June 11, 1999, respondent issued a Notice of Intent to Levy and Notice of Your Right to a Hearing. On July 8, 1999, petitioners' representative filed a Request for a Collection Due Process Hearing (i.e., Form 12153) and requested a copy of the assessments. In a letter dated January 19, 2000, respondent's Appeals officer asked petitioners to ratify the hearing request. In a letter dated February 7, 2000, petitioners' representative provided the ratification and questioned "the existence of a valid assessment document". In an undated letter, the Appeals officer replied: "Our office believes the information provided is sufficient to determine that the necessary statutory and administrative requirements have been met." The Appeals officer wrote further: "If, however, you wish to present relevant issues relating to the unpaid tax in accordance with my earlier correspondence, I have scheduled time on March 8, 2000, at 1:30 p.m. at the office address above." Neither petitioners nor their representative appeared at that time or requested that the hearing be rescheduled.

On March 8, 2000, the Appeals officer obtained computer transcripts (transcripts) of petitioners' accounts. The transcripts contained petitioners' Social Security number and the first four letters of their last name; monetary figures

representing amounts assessed, identified by respondent's transaction codes; and petitioners' adjusted gross and taxable income.

On March 16, 2000, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination), sustaining the proposed collection action. In making the determination, respondent relied on the transcripts to verify the assessments. Respondent, prior to making his determination, did not give petitioners copies of these transcripts or Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340). On December 22, 2000, respondent's counsel provided petitioners with a copy of the transcripts. At trial, on January 8, 2001, respondent provided petitioner, and introduced into the record, Forms 4340. Respondent also requested that the Court impose a section 6673(a)(1) penalty.

## Discussion

Section 6330(b)(1) provides that if a taxpayer requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Section 6330(c)(1) states: "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Section 6330(c)(2)(B) allows challenges to the existence or amount of the underlying

liability only if petitioners did not receive a notice of deficiency or have an opportunity to dispute the liability. Section 6330(d) provides for Tax Court review of the Commissioner's determination.

Petitioners do not contest the underlying liabilities but contend that section 6330(c)(1) requires the production of Form 23C. Respondent contends that the Appeals officer did not abuse her discretion by relying on the transcripts to verify the assessments. We agree with respondent. The transcripts contained the requisite information (i.e., "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment", sec 301.6203-1, Proced. & Admin. Regs). Kuglin v. Commissioner, T.C. Memo. 2002-51.

Where the Commissioner provides the taxpayer with Forms 4340 (i.e., proof of assessment) after the hearing and before trial, and the taxpayer does not "show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments", the taxpayer is not prejudiced. Nestor v. Commissioner, 118 T.C. ___, ___ (2002) (slip op. at 9). At trial, petitioners did not show any irregularity in the assessment procedure. Accordingly, we sustain the respondent's determination.

Respondent contends that petitioners' position is frivolous and instituted primarily for delay and that, pursuant to section 6673(a)(1), the Court should impose a penalty on petitioners. We decline, however, to impose such a penalty in this case.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.